```
 1  BENJAMIN ALAMREEKI
    351 NE 78th AVENUE
 2  PORTLAND, OREGON 97213
    (971)712-8269
 3  BENJAMINALAMREEKI@GMAIL.COM

 4

 5                     IN THE UNITED STATES DISTRICT COURT
                              DISTRICT OF OREGON
 6                             PORTLAND DIVISION

 7

 8  BENJAMIN ALAMREEKI,              )  CASE No.: 3:25-cv-1427 JR
    An individual,                   )
 9  Plaintiff,                       )
                                     )
10  v.                               )  COMPLAINT FOR VIOLATION OF
                                     )  FAIR HOUSING LAWS
11  PACIFIC PLUS PROPERTIES LLC,     )  (Fair Housing Act, 42 U.S.C. § 3601
    An Oregon corporation,           )
12  24/7 PROPERTIES LLC,             )  JURY TRIAL DEMAND
    An Oregon corporation,           )
13  KRISTINA GRIFFITH,               )
    CHARLOTTE CELMER,                )
14  JEFFREY JAY EDMONDSON            )
    RADWAN AKROUSH                   )
15  individuals,                     )
    Defendants.                      )
16
```

## JURISDICTION AND VENUE

1. This is a civil action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act"), and Oregon Revised Statutes (ORS) 659A.421.

2. Plaintiff brings this action under 42 U.S.C. § 3612(o) and ORS 659A.421.

Page 1 of 8

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. § 3612(o). The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) because they arise from the same case or controversy.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the District of Oregon, and the subject property is located in Portland, Oregon.

**PARTIES**

1. Plaintiff Benjamin Alamreeki is an individual with a disability, residing at 351-355 NE 78th Avenue, Portland, Oregon.

2. The subject property, located at 351-355 NE 78th Avenue, Portland, Oregon, is a two-bedroom, one-bathroom apartment in a two-unit duplex, constituting a "dwelling" under 42 U.S.C. § 3602(b).

3. Defendant Pacific Plus Properties LLC is an Oregon limited liability company and the owner of the subject property.

4. Defendant Radwan Akroush is the owner-member of Pacific Plus Properties LLC, residing in Oregon.

5. Defendants Jeffrey Jay Edmondson, Kristina Griffith, Charlotte Celmer, and 24/7 Properties LLC are Oregon-based individuals and a limited liability company,

respectively, responsible for managing the subject property on behalf of Pacific Plus Properties LLC.

6. Defendant Jeffrey Jay Edmondson is the owner-member of 24/7 Properties LLC.

**FACTUAL ALLEGATIONS**

1. On or about November 2024, 24/7 Properties LLC began managing the subject property.

2. In December 2024, 24/7 Properties LLC conducted an onboarding inspection of the subject property, including both units' interior and exterior, to document their condition. During the inspection, Plaintiff identified necessary repairs to the inspector. The inspection involved the use of a 4K 360-degree camera to photograph Plaintiff's private possessions, which Plaintiff alleges was invasive and violated his privacy.

3. On or about May 31, 2025, after Defendants failed to complete requested repairs, Plaintiff sent a formal demand letter via certified mail to 24/7 Properties LLC, requesting repairs to address safety and habitability issues, including a severely cracked driveway.

4. On June 16, 2025, without notice or communication, Defendant Kristina Griffith entered areas under Plaintiff's exclusive control and possession, taking photos and videos of Plaintiff's

outdoor decorations and belongings, in violation of the rental agreement and Oregon law (ORS 90.322).

5. On or about July 1, 2025, Plaintiff, with assistance from his support staff at United Cerebral Palsy and his therapist, requested a reasonable accommodation under the Fair Housing Act. The request sought to limit inspections to those that are legitimately necessary, occur no more than annually unless justified under state law, provide proper notice, accommodate Plaintiff's schedule, and prohibit invasive photographing or filming of Plaintiff's belongings. The request was necessitated by the December 2024 inspection, Defendant Griffith's unauthorized entry, and other unannounced accesses to the premises.

6. On July 2, 2025, Defendant Charlotte Celmer responded to Plaintiff's accommodation request, denying it with a justification that Plaintiff alleges was arbitrary and based on a fabricated claim that City of Portland regulations prohibited the accommodation. Plaintiff promptly informed Celmer that no such regulation exists, provided supporting documentation, and requested reconsideration, noting Defendants' failure to engage in the interactive process required by the Fair Housing Act.

7. On July 11, 2025, Defendant Kristina Griffith informed Plaintiff that Defendants were considering

his accommodation request. On the same day, Griffith contacted United Cerebral Palsy staff to verify Plaintiff's disability and accommodation need. Staff confirmed Plaintiff's disability and the accommodation's relation to it but rebuffed Griffith's inquiries as exceeding permissible questions under the Fair Housing Act.

8. On July 22, 2025, in response to a complaint filed by Plaintiff with the Oregon Real Estate Agency, Defendant Jeffrey Jay Edmondson claimed that Griffith's June 16, 2025, visit was required by the City of Portland, a justification Plaintiff alleges is false. Edmondson further claimed that all safety and habitability issues had been resolved, which Plaintiff disputes, and failed to address allegations of discrimination in handling Plaintiff's accommodation request or delays in repairs.

9. As of the filing of this complaint, Defendants have not completed the requested repairs, including to the severely cracked driveway, which has caused Plaintiff, who has mobility issues due to his disability, to fall and sustain injuries on two occasions.

10. As of the filing of this complaint, 35 days after Plaintiff's July 1, 2025, accommodation request, Defendants have not provided a final disposition on Plaintiff's request for reconsideration of the July 2, 2025, denial.

**CLAIMS FOR RELIEF**

**Count 1: Violation of the Fair Housing Act (42 U.S.C. § 3604(f))**

1. Plaintiff restates and incorporates by reference paragraphs 1-20.
2. Defendants violated 42 U.S.C. § 3604(f) by discriminating against Plaintiff on the basis of his disability through:

a. Constructively denying Plaintiff's reasonable accommodation request, failing to engage in the interactive process, and providing arbitrary and fabricated justifications for the denial.

b. Engaging in discriminatory questioning of Plaintiff's support staff at United Cerebral Palsy, exceeding permissible inquiries under the Fair Housing Act.

C. Causing undue delay in responding to Plaintiff's request for reconsideration, in violation of the Fair Housing Act's requirement for timely accommodation processing.

1. Defendants' actions caused Plaintiff emotional distress, inconvenience, and harm to his protected rights under the Fair Housing Act.

**Count 2: Violation of the Fair Housing Act (42 U.S.C. § 3604(f)) - Failure to Maintain Premises**

1. Plaintiff restates and incorporates by reference paragraphs 1-20.

2. Defendants violated 42 U.S.C. § 3604(f) by failing to make timely repairs to the subject property, including the severely cracked driveway, which posed safety and habitability risks exacerbated by Plaintiff's disability-related mobility issues. This failure constitutes discrimination by denying Plaintiff full enjoyment of the dwelling.

3. Defendants' failure to maintain the premises caused Plaintiff physical injury, emotional distress, and harm to his protected rights under the Fair Housing Act.

**Count 3: Violation of Oregon Fair Housing Law (ORS 659A.421)**

1. Plaintiff restates and incorporates by reference paragraphs 1-20.

2. Defendants violated ORS 659A.421 by failing to provide reasonable accommodations for Plaintiff's disability and by failing to maintain the premises in a manner that ensures safety and habitability, discriminating against Plaintiff on the basis of his disability.

3. Defendants' actions caused Plaintiff physical injury, emotional distress, and harm to his protected rights under Oregon law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:
A. Declare that Defendants' actions violate the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and ORS 659A.421;

B. Issue a permanent injunction enjoining Defendants from further violations of the Fair Housing Act and Oregon law, including requiring Defendants to grant Plaintiff's reasonable    accommodation request and complete all necessary repairs to    the subject property;

C. Award compensatory damages to Plaintiff for physical injuries, emotional distress, and other harms caused by Defendants' violations, in an amount to be determined at trial;

D. Award punitive damages to Plaintiff for Defendants' willful and reckless disregard of his rights, in an amount to be determined at trial;

E. Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3612(p) and ORS 659A.885;

F. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable pursuant to FRCP 38.

Submitted August 5th, 2025 by:



Benjamin Alamreeki, Plaintiff in Pro Se